UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA R. ZAZUETA,<br><br>            Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>            Defendant. | Case No. CV 14-1905 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

**I.   SUMMARY**

     On March 18, 2014, plaintiff Maria R. Zazueta ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

     This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; March 20, 2014 Case Management Order ¶ 5.

///

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II.  BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On February 22, 2012, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 23, 89, 793). Plaintiff asserted that she became disabled on December 22, 2011, due to rheumatoid arthritis, osteoarthritis, open wounds, bad circulation, severe large varicose veins, asthma, severe migraines, anemia, ovarian cysts, and an umbilical hernia. (AR 108). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who appeared with a non-attorney representative and was assisted by a Spanish language interpreter) and a vocational expert on July 2, 2013. (AR 23, 826-73).

On July 15, 2013, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 23-35). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: rheumatoid arthritis with a history of marked left hip rheumatoid arthritis, and status post left hip replacement in 2007 (AR 26); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 29); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b)) with additional limitations[1] (AR 29);

---

[1] The ALJ determined that plaintiff (i) could exert up to 20 pounds of force occasionally and/or up to 10 pounds of force frequently and/or a negligible amount of force constantly to move objects; (ii) could stand and walk up to six hours, and sit up to six hours in an eight-hour workday with normal breaks; (iii) could perform work that does not require crawling or climbing ladders, ropes, or scaffolds; (iv) could do no more than occasional balancing or climbing of ramps or stairs; (v) could do no more than frequent stooping, kneeling, or crouching; (vi) was right-hand dominant and could frequently handle and finger objects with her right and/or left upper extremity; and (vii) needed to avoid frequent or concentrated exposure to extreme cold,

(continued...)

(4) plaintiff could perform her past relevant work as a gate guard, office helper, playground attendant, or a combination of two or more such occupations both as customarily and generally performed (AR 32); and (5) plaintiff's allegations regarding her limitations were not entirely credible (AR 31).

The Appeals Council denied plaintiff's application for review. (AR 8-10).

## III.   APPLICABLE LEGAL STANDARDS

### A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)   Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2)   Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

///

---

[1](...continued)
environmental respiratory irritants, hazardous machinery, unprotected heights, or other high risk, hazardous or unsafe conditions. (AR 29).

|   |   |   |
|---|---|---|
| (3) | | Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. |
| (4) | | Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five. |
| (5) | | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

      The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

### B. Standard of Review

      Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a

mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that a reversal or remand is warranted because the ALJ's residual functional capacity assessment is not supported by substantial evidence. (Plaintiff's Motion 12-14). The Court agrees. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

### A. Pertinent Facts

In a March 29, 2013 Physician's Report on Disability, plaintiff's treating physician, Dr. Patrice Leonard (1) diagnosed plaintiff with rheumatoid arthritis and osteoarthritis; (2) noted that plaintiff complained of "joint pain" and swelling; and (3) opined that plaintiff was "unable to lift stand type [or] walk," and that plaintiff's incapacity would be permanent (collectively "Dr. Leonard's Opinions"). (AR 560-61).

In a May 1, 2012 Physical Residual Functional Capacity Assessment, apparently prepared in connection with the initial review of plaintiff's application for Disability Insurance Benefits, a state-agency single decisionmaker ("SDM") asserted that plaintiff retained the residual functional capacity to, among other things, lift and/or carry 20 pounds occasionally and 10 pounds frequently, stand and walk up to six hours, and sit up to six hours in an eight-hour workday with normal breaks ("SDM report"). (AR 36, 40-42).

**B.     Pertinent Law**

   **1.     Medical Opinion Evidence**

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided.  Courts distinguish among opinions provided by three types of physicians, specifically (1) "those who treat the claimant" (*i.e.*, "treating physicians"); (2) "those who examine but do not treat the claimant" ("examining physicians"); and (3) "those who neither examine nor treat the claimant" ("nonexamining physicians").  Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996)) (quotation marks omitted).  A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion.[2]  See id. (citation omitted); see also Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (opinion from treating physician generally given greater weight because such a physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual") (citation and quotation marks omitted).

A treating physician's opinion is given "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record. . . ."  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); see Orn v. Astrue, 495 F.3d 625, 631 (9th Cir. 2007) (citing id.).  Even if not "controlling," a treating physician's opinion often is "entitled to the greatest weight and should [still] be

///

///

---

[2]"The weight afforded a nonexamining physician's testimony depends 'on the degree to which [the physician] provide[s] supporting explanations for [such] opinions.'"  Garrison, 759 F.3d at 1012 (citations omitted).

adopted. . . . "³  Orn, 495 F.3d at 632 (quoting Social Security Ruling 96-2p at 4) (quotation marks omitted).

A treating physician's opinion is not necessarily conclusive, however, as to a claimant's medical condition or disability.  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted).  An ALJ may reject a treating physician's uncontroverted opinion by providing "clear and convincing reasons supported by substantial evidence in the record."  Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).  Where a treating physician's opinion conflicts with another doctor's opinion, an ALJ may reject the treating opinion "by providing specific and legitimate reasons that are supported by substantial evidence."  Garrison, 759 F.3d at 1012 (citation and footnote omitted).

An ALJ may demonstrate "substantial evidence" for rejecting a medical opinion by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making findings."  Garrison, 759 F.3d at 1012 (quoting Reddick, 157 F.3d at 725) (quotation marks omitted); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (same) (citations omitted); see also Magallanes, 881 F.2d at 751, 755 (ALJ need not recite "magic words" to reject a treating physician opinion – court may draw specific and legitimate inferences from ALJ's opinion).  An ALJ "must do more

---

³If a treating physician's opinion is not entitled to "controlling" weight, an ALJ must consider multiple factors to determine the weight to afford the treating physician's opinion, including (i) "[l]ength of the treatment relationship and the frequency of examination"; (ii) "[n]ature and extent of the treatment relationship"; (iii) "supportability" (*i.e.*, the amount of "relevant evidence . . ., particularly medical signs and laboratory findings" supporting an opinion and the quality of the "explanation [a treating physician gives] . . . for an opinion"); (iv) "[c]onsistency . . . with the record as a whole"; (v) "[s]pecialization" (*i.e.*, "[whether an] opinion [provided by] a specialist about medical issues related to his or her area of specialty"); and (vi) "[o]ther factors . . . which tend to support or contradict the opinion" (*i.e.*, the extent to which a physician "is familiar with the other information in [a claimant's] case record," or the physician understands Social Security "disability programs and their evidentiary requirements"). 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6).

1  than offer [] conclusions." Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988);
2  McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague"
3  reasons for rejecting treating physician's opinion insufficient) (citation omitted).
4  "[The ALJ] must set forth his [or her] own interpretations and explain why they,
5  rather than the [physician's], are correct." Embrey, 849 F.2d at 421-22.

### 2. Residual Functional Capacity

At step four of the sequential evaluation process, the Commissioner may deny benefits if a claimant possesses the residual functional capacity to perform his past relevant work. 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f); see also Pinto v. Massanari, 249 F.3d 840, 845 (2001) ("At step four, claimants have the burden of showing that they can no longer perform their past relevant work.") (citations omitted). Residual functional capacity represents "the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In determining a claimant's residual functional capacity, an ALJ is required to consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment. Robbins, 466 F.3d at 883 (citations omitted); see 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (residual functional capacity is assessed "based on all of the relevant evidence in [the] record.").

### C. Discussion

Here, although there apparently were two reports before the ALJ that in some way addressed how plaintiff's medically determinable impairments affected her ability to function, the ALJ gave neither significant weight when assessing plaintiff's residual functional capacity. (AR 31-32) (citing Exhibit 10F at 11-12 [AR 560-61]; Exhibit 1A at 5-7 [AR 40-42]). For example, while Dr. Leonard essentially opined that plaintiff would be unable to perform even sedentary work, the ALJ rejected Dr. Leonard's Opinions, in part, as conclusory and inadequately

supported by objective medical evidence. (AR 32); see, e.g., Bayliss v. Barnhart, 427 F.3d 1211, 1217 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.") (citation and internal quotation marks omitted). In addition, the ALJ gave "[no] independent weight" to the SDM report because an SDM "is not an acceptable medical source." (AR 32); see, e.g., Morgan v. Colvin, 531 Fed. Appx. 793, 794-95 (9th Cir. 2013) ("An ALJ may not accord any weight, let alone substantial weight, to the opinion of a non-physician SDM.") (citing Completion of the Physical RFC Assessment Form, Social Security Administration Program Operation Manual System ("POMS") § DI 24510.050 (C)(VI) ("SDM-completed forms are not opinion evidence at the appeal levels.")).[4]

Since the ALJ rejected the only opinion from an acceptable medical source regarding the effects of plaintiff's impairments on her functionality (*i.e.*, Dr. Leonard's Opinions), it appears that the ALJ's findings at step four were erroneously based solely on the ALJ's own lay interpretation of plaintiff's voluminous treatment records. (AR 26-32). Contrary to defendant's suggestion otherwise (Defendant's Motion at 9-10), the ALJ's evaluation of medical treatment records without the assistance of a treating or examining physician does not constitute substantial evidence supporting the ALJ's residual functional capacity assessment for plaintiff or the ALJ's nondisability determination at step four. See Penny, 2 F.3d at 958 ("Without a personal medical evaluation it is almost impossible to assess the residual functional capacity of any individual."); Tagger v. Astrue, 536 F. Supp. 2d 1170, 1181 (C.D. Cal. 2008) ("ALJ's determination or finding must be supported by medical evidence, particularly the

---

[4]The POMS manual is considered persuasive authority, even though it does not carry the "force and effect of law." Hermes v. Secretary of Health and Human Services, 926 F.2d 789, 791 n.1 (9th Cir.), cert. denied, 502 U.S. 817 (1991).

opinion of a treating or an examining physician.") (citations and internal quotation marks omitted); Winters v. Barnhart, 2003 WL 22384784, at *6 (N.D. Cal. Oct. 15, 2003) ("The ALJ is not allowed to use his own medical judgment in lieu of that of a medical expert.") (citations omitted); Banks v. Barnhart, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006) ("[ALJ] must not succumb to the temptation to play doctor and make . . . independent medical findings.") (quoting Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996)) (quotation marks omitted); Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985) (ALJ may not substitute his interpretation of laboratory reports for that of a physician); Nelson v. Heckler, 712 F.2d 346, 348 (8th Cir. 1983) (per curiam) ("'[T]o attempt to evaluate disability without personal examination of the individual and without evaluation of the disability as it relates to the particular person is medical sophistry at its best.'") (citation omitted).

To the extent the ALJ found Dr. Leonard's Opinions inadequate, the ALJ should have re-contacted Dr. Leonard to attempt to resolve any shortcomings in the treating physician's report, or called a medical expert to assist in determining the extent to which the medical records reflected any limitation on plaintiff's ability to work. See Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) (citation omitted) (Although plaintiff bears the burden of proving disability, the ALJ has an affirmative duty to assist the claimant in developing the record "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."); see, e.g., Ferguson, 765 F.2d at 37 (Where record contained no contrary medical opinion, "it was incumbent upon the ALJ to secure additional evidence from another physician" "if the ALJ believed that [the treating physician's] reports were conclusory or unclear."); Mendoza v. Barnhart, 436 F. Supp. 2d 1110, 1116 (C.D. Cal. 2006) (ALJ failed adequately to develop the record where medical evidence "[did] not contain any opinion by a treating or examining physician regarding [the] plaintiff's [residual functional capacity], and ALJ failed to obtain such an opinion.).

1    Finally, the Court cannot find the ALJ's error harmless.  For example, in
2 stark contrast with the ALJ's assessment of plaintiff's abilities based on his lay
3 evaluation of the medical evidence, in a Summary Impairment Questionnaire
4 submitted to the Appeals Council after the ALJ issued his decision,[5] Dr. Randall
5 C. Gilbert, a rheumatologist, essentially opined that plaintiff was virtually
6 immobilized by her impairments.  (AR 824-25).
7    Accordingly, this case must be remanded to permit the ALJ properly to
8 consider the medical opinion evidence.
9 ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///

---

[5]See Brewes v. Commissioner of Social Security Administration, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence."); Taylor v. Commissioner of Social Security Administration, 659 F.3d 1228, 1231 (9th Cir. 2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error") (citing Ramirez v. Shalala, 8 F.3d 1449, 1451-54 (9th Cir. 1993)).

1 | **V.     CONCLUSION**[6]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[7]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 29, 2014

                                        /s/
                                        Honorable Jacqueline Chooljian
                                        UNITED STATES MAGISTRATE JUDGE

---

[6]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[7]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, "additional proceedings can remedy defects in the original administrative proceeding. . . ." Garrison, 759 F.3d at 1019 (citation and internal quotation marks omitted).